LITTLETON vs. CHRISTY'S Adm'r.

1. In determining the sufficiency of a notice to take depositions, the day on which the notice is given, or the depositions are to be taken, is to be included.

2. The certificate of a Judge of Probate, or of the Clerk of a County Court, is not competent evidence that a person is Public Administrator. They can only certify to the correctness of copies of records of their several courts, shewing the appointment of such officer.

ERROR to St. Louis Court of Common Pleas.

*Statement of the Case.*

This was an action of assumpsit brought by Michael Christy in his lifetime, to the use of James Christy, vs. Littleton, the plaintiff in error. The declaration contained, first, a special count upon a promissory note for $2000, alleged to have been made by the plaintiff in error to the plaintiff in the court below; and second, the common counts in the usual form. The suit was brought on 29th August, 1843, and at the appearance term, the defendant, Littleton, filed the plea of the general issue. At the February term, 1844, the death of the plaintiff was suggested, and at the September term following, there was a non-suit entered, which was afterwards set aside, and the appearance of Peter A. Walsh, administrator of Michael Christy, entered, and the cause ordered to proceed in his name. At the September term, 1846, the name of John F. Darby, who was described as Public Administrator, and as administrator of plaintiff, was substituted for Peter A. Walsh, who, it was alledged, had ceased to be Public Administrator, and at the same time leave was given to defendant to plead. Whereupon the defendant filed the general issue, with a notice of set-off, amounting to $1,375, for the rent, use and occupation of a house and lot in St. Louis, from 1st September, 1840, until 1st September 1843. The defendant also filed a plea of set-off for $2000, for the use and occupation of two tenements, and two slaughter houses, before then had, held, used, occupied and enjoyed by said Michael Christy in his life time, at his request, and by the permission and sufferance of the defendant; also a plea alledging that Darby is not, nor had ever been administrator of Christy. The plaintiff in the court below took issue upon these pleas, and upon the trial the jury found the issues for the plaintiff, whereupon the defendant filed a motion for a new trial, and also in arrest of judgment, both of which were . overruled, and judgment rendered for the plaintiff below. On the trial, the plaintiff below offer-

ed to read in evidence the deposition of G. Hamilton, to which the defendant objected, on the ground that the notice was insufficient. The notice was in the usual form, and was served on 19th September, 1846, on the defendant in St. Louis county. The notice specified the office of John H. Watson, in the City of St. Louis, as the place, and 22nd September, 1846, as the time for taking the deposition—at which time and place it was taken. The court overruled the objection to the notice, and allowed the deposition to be read, to which the defendant excepted. On the trial of the exception to the deposition, the plaintiff read a rule of said Court of Common Pleas, which provides in substance that no exception to a deposition shall be allowed, except to the competency or relevancy of the testimony, unless the exception be filed in writing before the trial, provided the deposition is filed two days before the trial. The court below was of opinion that under the rule aforesaid, the objection to the notice came too late, and also that the notice was sufficient. The plaintiff, to prove that Darby was administrator of Michael Christy, offered to read a certificate from the Judge of the St. Louis Probate Court, which certificate contains a copy of a note or notice in writing, signed by John F. Darby, as Public Administrator of St. Louis county, dated 25th September, 1846, addressed to Peter Ferguson, Judge of said Probate Court, notifying said Judge, that he (Darby) had, on the day of the date thereof, taken charge of the estate of Michael Christy, deceased, for the purpose of administering the same. The certificate of the Probate Judge states, that Darby then was Public Administrator of St. Louis county, duly appointed and qualified, and acting as such, and was so at the time of his taking charge of said estate, and that at the date of said certificate, he (Darby) was acting as administrator of said Christy. The defendant below objected to this certificate as incompetent evidence, and insufficient, but the court overruled the objection and allowed it to be read, to which the defendant excepted. The proof tended to show, that in 1839, the said Michael Christy had purchased of the defendant below, a house and lot in St. Louis, by verbal contract, for $3000, of which $500 was paid down in cash, $500 more was to be paid in money, and the balance in butcher's meat, to be furnished by Christy from time to time to the defendant, for the use of his family, and for the use of steamboats in which defendant was interested. That as soon as the contract was made, Christy took possession of the premises, and continued to occupy them until his death in 1843. That from the date of the contract up to some time in 1842, the said Christy from time to time furnished meat for the use of defendant's family, and several steamboats in which he was concerned. The deed for the lot was not to be made until the purchase money was fully paid. And before the whole of it was paid, and a short time before Christy's death, the defendant, Littleton, conveyed the lot to George Collins, and thereby put it out of his power to convey it to Christy.—Collins demanded the possession of the premises from Christy in his lifetime, but the possession was not delivered until after Christy's death, when Collins took possession, and has ever since continued in possession. That after the conveyance to Collins, Christy brought suit against Littleton to recover back the $500 paid in cash at the date of the contract, got judgment, and collected the money; that Christy made some improvements on the lot, which went with the ground to Collins. Proof was also given, tending to show that Christy, a short time before his death, admitted that he was then holding the premises as tenant under Littleton, and on being dunned for money by Littleton, did not deny his indebtedness to him, nor set up any claim as a set-off. The verdict was for $1300. No instructions to the jury were asked on either side, and none given. The defendant moved for a new trial, because the verdict was against law and evidence; because incompetent evidence was allowed to go to the jury, and because the damages were excessive. The court overruled the motion, and the defendant excepted, and has brought the case to this court.

CROCKETT & BRIGGS, *for Plaintiff in error.*

1st. The deposition of Hamilton should have been excluded from the jury. There was not

three days notice as required by statute; and under the rule of court, as read in evidence, the objection might well be made at the trial.

2nd. The certificate of the Judge of Probate, was not competent evidence of Darby's appointment as Public Administrator; the best evidence was a certified copy of the order appointing him, aud of his official bond—and this should have been produced.

3rd. The Public Administrator is only authorized to take charge of the estates of deceased persons, in·certain· contingencies. There is nothing in the certificate of the Judge of Probate shewing that·Darby, as Public Administrator, was authorized to take charge of Christy's estate, either by an order of the Probate Court, or because it was in such a condition as to require the interference of the Public Administrator. Rev. Code of 1845, page 109.

4th. The certificate of the Judge of Probate, that Darby in his capacity of Public Administrator, was acting as administrator of Michael Christy, is not competent evidence to show that he was *lawfully* or *rightfully* acting as such administrator. So far as the certificate shows, he acted without authority from the Probate Court, and there is no evidence that the estate was in such a position as to justify his interference.

5th. The damages were excessive, and the verdict should have been set aside.

6th. Darby had no authority, as Public Administrator, to take charge of the estate without first obtaining an order of the Probate Court to that effect, nor can he maintain this suit as such, in the absence of such an order.

HOLMES, *for Defendant in error.*

1st. The objection taken to the deposition of Hamilton, on account of the notice, was not in time under the rule of court.

2nd. The notice was sufficient. Columbia Turnpike Road vs. Haywood, 10 Wend. 422. The law does not regard fractions of a day in the service of notices—the rule is to reckon one day exclusive, and one inclusive.

Nor are the decisions in New York (5 Wend. 137,) (Graham's Prac. 573,) in contravention of the general rule; for by the rules of court in New York, the day of service is excluded. (Rule 62, Gra. Prac. 573.) Then taking the day of the taking the deposition, as excluded by the terms of our statute, there is no rule of court, nothing in the terms of the statute, to exclude also the day of service; and the general principle applies, that the law will regard a fraction of a day as a whole day.

Charles 20; Stansberry, 3 J. R., 261; a four days notice served on *Thursday* for *Monday,* is good, notwithstanding a Sunday intervenes.

The plaintiff in error seems to lay some stress upon the accidental circumstance, that the officer in his return on the notice says, "served in the county of St. Louis," as if that might mean somewhere in the county out of the city, when the defendant Littleton, resided in the city, and the notice was served in the city in point of fact, which indeed is in the county, and nothing appears in the record to· show the contrary.

3rd. No letters of administration are necessary to be issued to the Public Administrator, and no order of the Probate Court is necessary to authorize him to take charge of an estate, but it is his *duty* by *law* to take charge of, and administer upon estates in certain cases specified by statute. Rev. Stat. 1845, p. 109, § 8.

4th. The certified copy of the record of the notice of the Public Administrator, that he had taken charge of this estate, and the certificate of the Judge of Probate, under the seal of his court, that John F. Darby had been duly appointed and qualified as Public Administrator, and that he was then acting in that capacity, and had charge of this estate as such, were admissible in evidence to prove the issue.

Napton, J., *delivered the opinion of the Court.*

The only errors insisted on, are the admission by the Court of Common Pleas of the deposition of Hamilton, and the certificate of the Probate Judge.

The objection to the deposition was, that the notice was insufficient. The notice was served on the 19th September, and the 22nd of the month was the day designated for taking the deposition. If we exclude the day on which the notice was served, and the day fixed for taking the deposition, there was not a notice of three days, and this would seem to be the most sensible construction of the statute. But in the construction of similar statutes, the rule appears to have been generally adopted of reckoning one day exclusive and one inclusive. 3 J. R. 261; 10 Wend. 422. The notice in this case was then sufficient, unless the party notified lived more than twenty miles from the county seat, and how this was does not appear.

It is sufficient, however, to say, that the objection came too late. The rule of court provided that no exception to a deposition, where it had been filed two days before the trial, should be allowed, unless the exception had been filed in writing before the trial, or unless it were an exception to the competency or relevancy of the testimony. The deposition of Hamilton, the record shows, had been filed more than two days, and no written exception had been filed before the trial. The exception taken on the trial was surely not to the relevancy of the testimony, nor was it an exception to its competency. By the latter phrase we must understand the competency of the witness, who has testified, or of the testimony given by a competent witness. The testimony may be hearsay, or in conflict with some other rule of evidence, and may, under the rule, be objected to at the trial. But defects in the notice must be pointed out before the trial.

The certificate of the Probate Judge, which was also objected to, is in the following words:

"To Peter Ferguson, Esquire, Judge of the St. Louis Probate Court for the county of St. Louis: Sir—I have this day taken charge of the estate of Michael Christy, deceased, for the purpose of administering on the same. Very respectfully, John F. Darby, Public Administrator of St. Louis county. St. Louis, 25th Sept., 1846. Filed 25th September, 1846, Peter Ferguson, Judge of Probate. State of Missouri, county of St. Louis, ss. I, Peter Ferguson, Judge of Probate of the county of St. Louis, in the State of Missouri, certify that the foregoing is a true

copy of the notice of John F. Darby, Public Administrator of the county aforesaid, of his having taken charge of the estate of Michael Christy, deceased, as the same now remains of record in my office, that the said John F. Darby is Public Administrator of the county aforesaid, duly appointed and qualified, and acting as such, at the time and previous to the time of having taken charge of the estate of the aforesaid Michael Christy, and that he is now acting as administrator of said Michael Christy, deceased. In testimony whereof, &c." This certificate is signed by the Probate Judge, and his official seal attached.

The Probate Court of St. Louis has succeeded to all the duties of the County Court, touching the administration of estates, and it is a court of record. The judge officiates as the court and clerk. The acts of this court must appear of record, and its records can be authenticated by the judge, as the records of other courts would be authenticated by their clerks. The Public Administrator is appointed in St. Louis by the Probate Court. That appointment is, of course, a matter of record. The act which authorizes the appointment, and prescribes the duties of the Public Administrator, provides, (sec. 3rd) that "his certificate of appointment, official oath and bond, shall be filed and recorded in the office of the Clerk of the County Court, and copies thereof, certified under the seal of the County Court, shall be evidence." There is no difficulty, then, in proving the appointment of a Public Administrator by the Court of Probate of St. Louis county, since that court occupies the same position which the county courts do under the general law, and the statute points out the mode of proving the appointment of public administrators, when made by the county courts. The certificate of the Judge of the Probate Court of St. Louis, that Darby was the Public Administrator of that county, duly appointed and qualified according to law, is certainly a novel and unprecedented species of evidence. We know of no principle upon which it can be admitted. If the clerk of the county court, in counties where that court still retains its general jurisdiction, should certify that A. B. was public administrator, such certificate would surely be no evidence of the fact, for the law has given him no special authority to make such a certificate, and his general duties and powers as clerk only authorize him to certify to the records of his court, and not to matters of mere opinion or private knowledge. So the probate judge can certify only as clerk of the probate court, to such matters as appear of record in that court, or in such other cases as the statute may specially authorize.

But the plaintiff desired to prove, not only that Darby was Public Ad-

ministrator, but that as such he had taken charge of .the estate of Michael Christy. It is made the duty of the Public Administrator, in certain cases specified by the statute, to take charge of estates of deceased persons. The probate court has the same control over the conduct of the public administrator, which it has in the case of administrators appointed in the usual mode to administer upon public estates. Although the probate or county court superintends the acts of the public administrator, the statute does not require the public administrator to get the opinion of that court upon the propriety of. his taking charge of estates in. the condition specified by the act. The administrator must determine for himself whether the situation of an estate is such as to authorize his interference. . For it is also provided in the same act, that in addition to the cases specified, in which the public administrator may take charge of an estate, the probate court may order him to take charge of an estate, for causes and purposes therein enumerated. The act is silent as to the mode by which the probate court shall be. apprised of the fact, that the public administrator has taken charge of an estate, supposed to be in the condition described in the statute. It seems to be the practice in St. Louis for the Public Administrator to give the Probate Court a written notice of this fact, which is entered upon the records of that court. We see no objection to this course, and the certificate of the Judge to the notice thus recorded, is evidence of the fact. But the certificate of the Probate Judge, that Darby was Public Administrator, we think incompetent, and shall therefore reverse the judgment.

The other Judges concurring, the judgment is reversed and the cause remanded.