WILLIAM HAHN *et als.*, Appellants, *v.* CLEMENT DIERKES *et al.*, Respondents.

*Time—Mechanics' Liens.*—A sub-contractor's notice of lien given on the 15th February, and a lien filed on the 25th February, is given ten days before the filing of the lien, as required by the statute. The first day must be excluded, and the last included, in computing time within which an act is to be done—R. C. 1855, p. 1027, § 22.

*Appeal from St. Louis Land Court.*

*Spies & Gray,* for appellants.

*Taussig,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

There is but one single question presented for consideration in this case. The appellants, as sub-contractors, gave notice to Goebel, the owner of the premises, on the 15th day of February, 1860, of their claim, and proceeded to file their lien on the 25th of the same month. By the 18th section of the mechanics' lien law, specially applicable to St. Louis county, every person, except the original contractor, who desires to avail himself of the benefit of the act, is required to give ten days' notice, before the filing of the lien, to the own-

er or his agents, stating that he holds a claim against the building or improvement, setting forth the amount, and from whom the same is due. The notice here is sufficient if we exclude the 15th and include the 25th, or if we include the 15th and exclude the 25th ; but if we exclude both days, as contended for by the counsel for the respondents, but nine days remain, and the notice is insufficient and the lien lost.

As to how time shall be computed, is a matter which has been litigated ever since the existence of the common law. In the computation of the period of time, the contest has generally been, which day shall be included and which excluded ; but it would be difficult to extract any uniform rule from the jarring and conflicting decisions on the question. Our statute, to put all doubt at rest and insure certainty, has declared, that the time within which an act is to be done, shall be computed by excluding the first day and including the last—R. C. 1855, § 1027, § 22. This is a statutory exposition of the common law, and necessarily leads to the exclusion of the first day. But does the proper construction of the 18th section of the mechanics' lien law require that the last day should be excluded also ? It requires ten days' notice before the filing of the lien ; but, by the well established rules of construction in such cases, where the first day is excluded the last day is included ; and we cannot see that the Legislature intended to change this rule by the passage of the act in reference to liens. Where the statute in regard to the taking of depositions required that at least three days' notice, before the day of the taking of the depositions, should be served on the adverse party, and the notice was served on the 19th of September, and the 22d day of the same month was the day designated for taking the depositions, the notice was held sufficient—Littleton v. Christy, 11 Mo. 390. Had both days, the 19th and 22d, been excluded, there would have been but two days' notice, but the rule was adopted excluding the first and including the last. In the case at bar, if we exclude the 15th day of February, the day on which the notice was given, and include the 25th, on which day the lien was filed, there

will still remain ten days' notice. It follows, therefore, that the notice was sufficient.

The judgment will be reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.