————o————

M. Reynolds, Respondent, *vs.* M., K. & T. Rly. Co., Appellant.

1. *Justice of peace—Judgment—Motion to set aside computation of time.*—In computing the ten days' time within which a motion to set aside a default before a justice of the peace may be made (Wagn. Stat., 847, § 2), the first day after the rendition of the judgment should be excluded and the last included. Thus the judgment being rendered Oct. 28th, motion filed Nov. 7th was held to be in time.

*Appeal from Howard Circuit Court.*

*John Montgomery, jr.*, for Appellant, cited : Wagn. Stat., 1872, p. 88, § 6 ; Hahn vs. Dierkes, 37. Mo. 574 ; Patrick vs. Faulke, 45 Mo. 313 ; Schubert vs. Crawley, 33 Mo. 564 ; Littleton vs. Christian, Adm'r, 11 Mo. 393 ; Kimm vs. Osgood's Adm'rs, 19 Mo. 61.

*G. C. Major, Jr.*, for Respondent, cited : Patchin vs. Bonsack, 52 Mo. 431 ; Robinson vs. Walker, 45 Mo. 117-119 ; State *ex rel.* vs. Gasconade County Court, 33 Mo. 102.

SHERWOOD, Judge, delivered the opinion of the court.

Plaintiff brought action and recovered judgment before a justice of the peace against the defendant, for killing certain horses. Judgment was rendered on the 28th day of October, 1874, and on the 7th day of November next thereafter, the motion of defendant to set aside the default was overruled as not being made in time, and this is the only question presented. Wagn. Stat., 847, § 2, requires that one moving to set aside a default, should do so within ten days after rendition of judgment.

The fourth sub-division of Wagn. Stat., (p. 88, § 6) prescribes that " the time in which an act is to be done, shall be computed by excluding the first day and including the last." Applying this statutory rule, no hesitancy is felt in holding that defendant's motion was made within the ten days. (Hahn vs. Dierkes, 37 Mo. 574 and cas. cit.)

The result is, that the judgment must be reversed, and the cause remanded ; Judge Napton absent; the other judges concur.