BEAUDEAN v. THE CITY OF CAPE GIRARDEAU, *Appellant.*

1. **Municipal Corporation**: LIABILITY FOR PERMITTING OBSTRUCTION OF STREETS. If a municipal corporation, after notice that one of its streets or highways has been obstructed, fails to have the obstruction removed, it will be liable in damages to any one who may sustain any special injury by reason of the obstruction. If there be no injury except such as is common to the whole public, the only remedy is by indictment against the obstructor.

2. ———: DUTY TO KEEP STREETS UNOBSTRUCTED: USER. A municipal corporation is as much bound to keep a street or highway free from

obstruction when the title has been acquired by user as when acquired by grant or condemnation.

3. ———— : EVIDENCE OF ESTABLISHMENT OF STREETS. Parol evidence is not admissible to prove the establishment of a public street; the record should be produced.

4. ————. *Semble*, that a municipal corporation cannot escape liability for permitting the obstruction of a street, by showing that it has established another which the plaintiff might use.

5. Governor's Veto: COMPUTATION OF TIME. In computing the ten days allowed by the constitution to the governor within which to return a bill with his veto, the rule of excluding the first and including the last day should be applied.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

AFFIRMED.

*Louis Houck* for appellant.

1. The petition states no cause of action. Dillon on Munic. Corp., §§ 764, 790; *Hill v. Boston*, 122 Mass. 344; *Weet v. Brockport*, 16 N. Y. 161; *Detroit v. Blackeby*, 21 Mich. 84; *Smith v. St. Joseph*, 45 Mo. 452; *Brown v. Glasgow*, 57 Mo. 158; *Hyatt v. Rondout*, 44 Barb. 385; 9 Am. Law Reg. (N. S.) 680.

2. The obstruction of the road was a public, not a private nuisance, and the only remedy was by indictment. *Houck v. Wachter*, 34 Md. 265; *s. c.*, 11 Am. Law Reg. (N. S.) 61; *Venard v. Cross*, 8 Kas. 248; *s. c.*, 11 Am. Law Reg. (N. S.) 334; *Higbee v. R. R.*, 19 N. J. Eq. 276; *s. c.*, 8 Am. Law Reg. (N. S.) 252.

3. The senate journal shows that the act must have been presented to the governor in the forenoon of the 5th day of February, and the bill was not returned with the veto until the 17th day of February in the afternoon. It had already become a law in the morning of that day. *Westbrook Manfg. Co. v. Grant*, 60 Me. 88; *State v. Gasconade Co. Ct.*, 33 Mo. 102; 4 Am. Law Reg. (N. S.) 212.

*J. B. Dennis* for respondent.

1.   It was not necessary to prove formal adoption or acceptance of the road.   Shear. & Redf. on Neg., (2 Ed.) §§ 377, 378, 380.

2.   The liability of the city to civil action is well settled.   Shear. & Redf. on Neg., §§ 120, 124, 133, 143, 149, 400, 411; 2 Dillon on Munic. Corp., pp. 904, 905, and note; 911, note; 912, 917, 918, 920; *Blake v. St. Louis*, 40 Mo. 569; *Smith v. St Joseph*, 45 Mo. 449; *Bowie v. Kansas City*, 51 Mo. 462; *Craig v. Sedalia*, 63 Mo. 418; 2 Hilliard on Torts (2 Ed.) 386.

3.   If the authorities of a city or town have treated a place as a public street, taking charge of it, &c., they cannot, when sued for an injury growing out of their negligence, defend themselves by alleging want of authority in establishing the street, or that the formalities of the statute were not pursued in establishing the street.   *Mayor v. Sheffield*, 4 Wall. 189; 3 Hill 612; 16 N. Y. 163; 11 Wend. 539; *Chicago v. Robbins*, 2 Black 418; *Nebraska City v. Campbell*, 2 Black 590; *Davenport v. Ruckman*, 10 Bosw. 20.

NORTON, J.—This is an action in which plaintiff seeks to make defendant liable for special injuries sustained by him, occasioned by an obstruction of a certain highway within the corporate limits of defendant.   It appears that the highway, the obstruction of which is complained of, ran in front of plaintiff's house and premises, and led into the business part of the city of Cape Girardeau, passing through and over a tract of land or lot of about forty acres included in the corporate limits; that the obstruction which plaintiff claims worked a special injury to him, not common to the public at large, consisted of a fence built around the tract through which the highway or road passed, whereby the use of it was denied plaintiff, and he was compelled to use a circuitous route to reach his place of business in the city.   It appears that this obstruction was

erected by the owner of the ground, but that its existence was brought home to the knowledge of defendant, and it was not removed, but permitted to remain. It appears that the highway in question had been used and recognized as such for about thirty years. Upon this state of facts, which the evidence tended strongly to establish, plaintiff obtained judgment for $288, from which defendant has appealed, and the main grounds relied upon for a reversal of the judgment are alleged errors of the court in giving instructions to the effect that if the jury believe the facts as above stated, plaintiff was entitled to recover, and in excluding and receiving evidence.

We think the question presented as to the liability of defendant has been settled adversely to defendant by former 1. MUNICIPAL COR- adjudications of this court. In the case of
PORATION: liabil-
ity for permitting *Blake v. City of St. Louis*, 40 Mo. 569, it was
obstruction of
streets. held that municipal corporations are bound to keep their streets and highways in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel, and, if they neglect to do this, they will be liable for all injuries happening by reason of their negligence. In the subsequent cases of *Smith v. City of St. Joseph*, 45 Mo. 449, and *Bowie v. Kansas City*, 51 Mo. 454, the same principle was announced; and in the more recent case of *Oliver v. The City of Kansas*, 69 Mo. 79, in speaking of the duty of the city to open up and maintain streets where the necessities of the public require it, it is observed: "That, if adjoining proprietors or others, by obstructions or unauthorized structures of any kind within the limits of a street which has been opened for public use, render the same unsafe for travel, and the city has notice thereof, and fails to remove or repair the same, it will be liable for any injury resulting therefrom, and this liability attaches to the city, whether it adopts the legislation necessary for that purpose or not; it is its duty to adopt it."

Counsel have called our attention to the case of *Hill v. City of Boston*, 122 Mass. 344, where, it is claimed, a differ-

ent rule of liability is announced. While the above case and other cases referred to in that opinion establish the fact that there is a conflict of authority on the subject, we are disposed to adhere to the rule as heretofore announced by this court, believing it to be in harmony with the weight of authority, and fully sustained by the following authorities: Dillon on Mun. Corp., §§ 789, 790, 791; Shear. & Redf. on Neg., § 411; *Nebraska City v. Campbell*, 2 Black (U. S.) 590; *Mayor of New York v. Furze*, 3 Hill 612; *Storrs v. Utica*, 17 N. Y. 104.

That the highway in question was one of which the city had control, we think is clear. Highways for the non-——: **duty to keep streets unobstructed: user.** repair and obstruction of which municipal corporations are liable, may be established either by showing that they were laid out as such by a land owner, and dedicated to the public and by the public accepted, or by being laid out as such by the constituted authorities in accordance with some law conferring the authority, or by public user for such length of time as raises the presumption of adoption as a highway. The length of time that this user should continue to raise such presumption is usually twenty years. 2 Thomp. on Neg., 759. The evidence shows that the highway in question had been continuously used and recognized as such for more than twenty years, and being thus established as a legal highway, it was the duty of defendant to keep it in repair and free from obstructions, and although the trial court may have committed error, as counsel contend, in allowing plaintiff to show by parol that defendant had appropriated $75 to repair said highway when it should have been established by the record, such error is immaterial, for the reason that it could not affect the liability of defendant one way or the other.

No error was committed by the court in refusing to allow defendant to prove by parol the establishment of 3. ——: **evidence of establishment of streets.** Sprigg street, inasmuch as, if evidence was admissible at all to show the fact of the es-

tablishment of such street, it could only have been shown by the record.

The evidence might also have been properly excluded on the ground that the establishment of a street which plaintiff might have traveled, had no tendency to relieve defendant from its obligation to keep in repair and remove obstructions from a street already established and to the free use of which plaintiff had a right.

4. ——.

It is also insisted that plaintiff's remedy for the wrong is afforded by resort to indictment, and that he is not entitled to redress by private action. If the injury to plaintiff resulting from the obstruction was only such as the whole public sustained, then the position of defendant is maintainable; but it is otherwise when the damage is special and peculiar. Mr. Thompson in his work on Negligence, volume 1, page 340, announces the rule to be, "that the unlawful or unreasonable obstruction of a highway is a public nuisance, and in general the only remedy therefor is by indictment; but if any person has sustained special damages in consequence of such obstruction, he may maintain a civil action therefor against the obstructor."

It is also objected that the court erred in refusing to reject the senate journal of the general assembly at its regular session of 1875. This evidence was offered for the purpose of showing that the veto by the governor of a certain bill which originated in the senate, so changing the corporate limits of defendant as to exclude therefrom the highway in question, had not been returned within ten days after its presentation to him. The bill was presented to the governor on the 5th day of February, 1875, and was returned with his veto on the 17th day of February. Not counting the two Sundays which intervened between these periods, they being expressly excepted by the constitution from being counted, and applying the rule of excluding the first and including the last day, as laid down in the cases of *Reynolds v. M., K. & T. R. R. Co.*, 64 Mo. 70, and *Hahn v. Dierkes*, 37 Mo. 574, the

5. GOVERNOR'S VETO: computation of time.

veto of the governor was returned within the time required by the constitution, and the evidence offered was, therefore, properly rejected.

We see no valid objection to the instructions, and perceiving no error, affirm the judgment, in which all concur.