FLORENCE PIPER, Respondent, v. CITY OF BOONVILLE, Appellant.

Kansas City Court of Appeals, October 29, 1888.

1.  **Action:** WHEN INSTITUTED BY CITIES FOR VIOLATION OF ORDI-
    NANCES : CHARACTER OF. Whatever may have been, at one time,
    the opinion in this state, as to the nature and character of actions
    instituted by cities for the violation of ordinances, it may now be
    considered settled that such proceedings are but civil suits.

2.  **Evidence:** RES JUDICATA: FORMER JUDGMENT BETWEEN SAME
    PARTIES : CASE ADJUDGED. The reasons given for the rejection of
    a judgment rendered in a criminal case, when offered in a civil
    case to establish the facts on which it was rendered, do not exist
    in this case.   The judgment offered in evidence here was rendered
    in a civil suit in which the parties here were the parties there.  It
    was, therefore, competent and  conclusive evidence to establish
    the existence of the facts on which it was rendered, unless it had
    been impeached for fraud, want of jurisdiction, or the like, which
    was not done.

3.  **Practice :** INSTRUCTIONS : WHEN PROPERLY REFUSED.  Instructions
    are properly refused when in conflict with the law governing the
    case upon trial ; or in conflict with the decisions in this state ; or
    where they fail to cover elements of damages, shown by the
    evidence to be involved in the issues of the case upon trial.

*Appeal from Cooper Circuit Court.*—HON. E. L.
EDWARDS, Judge.

AFFIRMED.

The case is stated in the opinion.

*W. M. Draffen*, for the appellant.

(1)   The case made by plaintiff did not show that
public travel along Water street was obstructed.  A
portion of the street was kept open, and in good repair,
and was sufficient to all travel upon the street.   While

the authorities hold that a municipal corporation is liable for a failure to keep a sufficient portion of its traveled streets open and in order for the accommodation of travel along said street, they are not required to keep their streets, at all places, in such condition as to afford access to said street from the adjoining lots. The demurrer should have been sustained. *Heckler v. St. Louis*, 13 Mo. App. 277. (2) It is manifest that this action arose in consequence of a dispute between Piper and Gibbons, as to the location of Water street. It would be a harsh rule to mulct the city in damages for a failure to undertake a settlement of this dispute. (3) The court erred in holding that the judgment in the prosecution against Piper and Back was conclusive evidence that the Gibbons fence was in a public-traveled street, in the city of Boonville, and such a street as the defendant was bound to keep free from obstruction. That was a *quasi*-criminal proceeding, and, while conducted in the name of the defendant herein, was based, as shown by the papers, upon the complaint of Gibbons. It should not be held to be an estoppel upon the defendant in this action. "It has been held by the supreme court that a prosecution of that character is a civil action in form, although *quasi*-criminal in its nature." *Kansas City v. Clark*, 68 Mo. 588; *Carrollton v. Rhomberg*, 78 Mo. 547. The rules of decision and the course of proceeding are different in *quasi*-criminal proceedings from ordinary civil suits. The defendant in that case might have been acquitted because of the doubt as to the location of the line of the street, and not because the weight of the evidence showed that the fence was in the street. Such a record ought not to be conclusive in a civil suit. 1 Greenl. on Evid. sec. 537. (3) The measure of damages is a question of law. It was the duty of the court to lay down for the government of the jury the rule of damages applicable to the case. *Matney v. Gregg*, 19 Mo. App. 107; *Morrison v. Yancey*, 23 Mo. App. 670. A proper rule was not declared in this case. It is difficult to determine the

basis for the assessment of damages intended to be given by plaintiff's instructions. It is hard to determine what is meant by "the loss plaintiff may have sustained on account of the rock in his said quarry, and the removal of the same." The value of the rock in the quarry was not the measure of damages. The plaintiff was not deprived of the same. It would not be held that, because the owner of a thousand bushels of wheat was prevented, by an obstruction in the road, continuing for two weeks, from hauling the same to market, that he would be entitled to recover the value of said wheat, although he afterwards sold the same for its market value. If the plaintiff, in order to fulfill his contracts, was compelled to get other stone during the continuance of the obstruction, then the measure of his damages was simply the additional cost of the other stones, over and above the value of the stones in the quarry. It was the duty of the court to declare, in plain and unmistakable language, the rule of damages by which the jury were to be governed. (4) The evidence admitted over defendant's objection, on the subject of damages, together with the instructions, left the jury in the dark as to the proper rule for the assessment thereof.

*Cosgrove & Johnston,* for the respondent.

(1) Appellant's counsel, in the first point in his brief, misstates plaintiff's ground of complaint, when he says it "arises from the fact that a hill in Water street, next to his lot, together with the fence, alleged to extend a few feet into the street, prevented wagons from passing from his lot into the street." The ground of complaint is that a fence built into Water street prevented ingress to and egress from plaintiff's abutting lot, and rendered it worthless for the purpose for which it was used, and that the defendant, through its officers, refused and neglected to have said obstruction removed. The injury complained of by the plaintiff is one special and peculiar to him and not shared in by the other members of the

community, and in such a case an action will lie. *Bailey v. Culver*, 84 Mo. 531 ; *Beaudean v. City*, 71 Mo. 392 ; *Kinealy v. Railroad*, 69 Mo. 658 ; *Railroad v. Eberle*, 110 Ind. 542 ; *Troy v. Railroad*, 23 N. H. 83 ; *City v. Hinkson*, 87 Ill. 587. (2) There was no error in permitting plaintiff to prove the existence of Water street, by the record of the suit commenced in the mayor's court by the City of Boonville *vs.* Florence Piper. That was a suit between the same parties, and the same issues were involved. *Hickerson v. City*, 58 Mo. 61. And the fact that that was a suit before the mayor to recover a penalty for the violation of a city ordinance does not affect it. It was a civil suit. The same rules of evidence are applicable in such cases as in ordinary civil suits. The city is allowed the right to appeal, and in fact, in this case, did appeal from the verdict of a jury to its own court. *Kansas City v. Clark*, 68 Mo. 588. (3) The court properly instructed the jury as to the measure of damages. "When, from the nature of the case, the amount of damages cannot be estimated with certainty, or only a part of them can be so estimated, there is no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount, so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit." 3 Sutherland on Damages, 387 ; *Freidenheit v. Edmonson*, 36 Mo. 226 ; *Clarke v. Ice Co.*, 24 Mich. 508. The instruction was based upon the evidence and the issues. (4) The jury heard all the facts and circumstances tending to show damages. There was no other way to arrive at the measure of damages in this case and the truth is, the jury should not have been limited by the court in measuring the damages as closely as it was. (5) The two cases on the question of damages referred to by appellant, viz., *Matney v. Gregg*, 19 Mo. App. 107, and *Morrison v. Yancey*, 23 Mo. App. 670, simply say that "where the evidence furnishes no elements for the admeasurement of damages, it is error to tell the jury

that they may give such damages to the plaintiff as they may find he has suffered,'' and they have no application to the case at bar. Here we have a number of elements for the admeasurement of damages furnished by the evidence and submitted by the court to the jury.

Ramsay, J.—The plaintiff seeks in this action to make the defendant liable for *special* damage and injuries sustained by him, occasioned by an alleged obstruction of a certain part of Water street, a street within the corporate limits of the defendant.

The plaintiff alleged that, on or about the twenty-eighth day of January, 1887, he was the owner, and in possession, of a strip of land, twenty feet in width, off the west side of a tract or parcel of ground, in the city of Boonville, bounded on the south by Water street, on the west by the right of way of the Missouri, Kansas & Texas railroad, on the north by the Missouri river, and on the east by Hutchinson's addition to said city ; that said strip ran north and south, parallel with the right of way of said railroad, and extended from Water street to the Missouri river ; that said strip had been purchased by him, to be used as a roadway to and from a stone quarry owned by him, and which was located in the western portion of said city ; that he was a stone-cutter and mason by trade, and had been for a long time engaged in getting rock from his quarry and using and disposing of the same in the city of Boonville, and in the course of this business he kept in his employ men and teams, etc. ; that such occupation was, and had been for many years, his sole business and means of support for himself and family, and in which he had invested large sums of money and devoted his time and labor ; that there was no public roadway from his stone-quarry to the public streets of said city, in consequence of which he was compelled to purchase and use this strip of land, which fronted upon Water street, as and for a road to said quarry ; that, on the date above mentioned, one William Gibbons, who was occupying a lot adjoining this twenty-foot strip of land, built a fence

into and on said Water street, and within the limits of said street, by which the street was obstructed to such an extent that plaintiff was prevented from passing into said Water street from his twenty-foot strip; that this obstruction hindered and obstructed the free passage of wagons, and other vehicles, along and on said Water street, and rendered plaintiff's strip of land worthless and of no value to him; and especially worthless for the purpose for which the same had been purchased and used by plaintiff.

It is alleged that defendant had knowledge of the obstruction and had been requested and notified by plaintiff to remove it, which it failed to do; that by reason of the obstruction, plaintiff had been deprived of the use of his stone-quarry and his strip of land, and prevented from getting out and selling stone from his quarry; and interrupted and interfered with in his business as stone-cutter and stone-mason; to his damage in the sum of two thousand dollars, for which he asked a judgment.

The answer of defendant admitted that it was a corporation, but was a general denial as to other allegations of plaintiff's petition.

For the purpose of establishing the existence of Water street at the point where plaintiff alleged that it was obstructed, and of proving that the fence erected by Gibbons extended into said street, against the objection of the defendant, plaintiff was permitted to introduce in evidence a complaint, made by the city of Boonville against Florence Piper (the plaintiff in this action), which complaint was in words and figures following:

"City of Boonville,   ⎫
                 ⎬ ss.
"State of Missouri,   ⎭

"Florence Piper, to the Mayor, Councilmen and Citizens of the City of Boonville, Dr.:

"To $90, for breach of section 7, of article 4, of an ordinance of said city, entitled offenses concerning streets and private property, approved January 31, 1881, in this, to-wit, that the said Florence Piper at the city

of Boonville aforesaid, on the twenty-sixth day of January, 1887, wilfully cut, hacked, injured and defaced a certain fence belonging to William Gibbons, situated upon a lot belonging to William Gibbons, lessee ; known as the Gibbons saw-mill lot in West Boonville, contrary to the form of the ordinance in such cases made and provided, and against the peace and dignity of the city.

"On complaint of William Gibbons.

"A. C. WIDDICOMB, City Attorney."

And to read in evidence the transcript of the record of the mayor's court of the trial had upon this complaint, and the judgment of the circuit court acquitting plaintiff (defendant therein), said judgment having been rendered in a trial of the cause on appeal to said circuit court, from the mayor's court.

The plaintiff was further permitted to introduce the evidence of J. H. Johnson, the attorney who appeared for Piper, in the defence of the action brought against Piper by said city, in the mayor's court and also at trial on appeal in the circuit court, to show that in that suit, in both courts, the defense interposed by Piper was, that the fence mentioned in the complaint above set forth was erected by Gibbons, in Water street, instead of on his, Gibbons', lot, that Water street was a public street of the city of Boonville, at this point in question, and that the fence extended into it so as to create an obstruction, which Piper had a right to cut down and remove from the street, that the fence mentioned in the complaint is the same fence complained of as an obstruction in the suit at bar, and now occupies the same place it did then—that the prosecution in both mayor's court and circuit court on appeal was based upon the theory that Water street did not extend to the point in question ; that it did not join Piper's twenty-foot strip of land and that the fence erected by Gibbons did not extend into or obstruct said street.

The only ground of objection to the competency of such evidence urged by counsel for defendant below and here, is that the suit prosecuted against Piper by

the city was a *criminal proceeding*, and therefore incompetent as evidence to establish the facts adjudicated in such proceeding. It is not questioned that the *facts*, which plaintiff seeks to establish by the introduction of such evidence—*i. e.*, that Water street was, at point in controversy, a public street and adjoined the end of Piper's twenty-foot strip of land, and that Gibbons so erected his fence that it extended into and upon a portion of Water street and obstructed the free passage from the land of Piper into said street, were determined by the judgment rendered in the suit of the city against Piper. The parties to that action and to the suit at bar being the same, these matters must be considered as having passed *in rem adjudicatum*, and the judgment, if competent evidence in this suit, as conclusive between the parties. 1 Whart. Evid. sec. 819 ; *Cromwell v. County of Sac*, 94 U. S. 351; *Hickerson v. City of Mexico*, 58 Mo. 61.

Whatever may have been, at one time, the opinion in this state as to the nature and character of actions instituted by cities for the violation of ordinances, it may now be considered settled that such proceedings are but civil suits. It is said in *City of St. Louis v. Knox*, 74 Mo. 79, in speaking of such a proceeding: "The matter set forth in the information is not a misdemeanor in the ordinary sense of that term ; not an offense against the laws of the state, but simply an infraction of a city ordinance, which infraction does not amount to a crime, but only to that which gives the city the right to proceed for the collection of a sum of money, because of the violation by defendant of the ordinance. This proceeding is only a civil suit, and has the incidents and attributes merely of a *quasi*-criminal character." See also *City of Kansas v. Clark*, 68 Mo. 588 ; *Town of Kirkwood v. Antenreith*, 11 Mo. App. 515 ; *Carrollton v. Rhomberg*, 78 Mo. 547. The reasons given for the rejection of a judgment rendered in a criminal case, when offered in a civil case to establish the facts on which it was rendered (1 Greenl. Evid.,

VOL. xxxii—10

sec. 537), do not exist in the case under consideration. The judgment in the case of the City of Boonville v. Piper was rendered in a civil suit. It was, therefore, competent and conclusive evidence to establish the existence of the facts on which it was rendered, unless it had been impeached for fraud, want of jurisdiction or the like, which was not done. This being so, the court committed no error in sustaining the plaintiff's objections to the introduction of Mayor Bell's evidence, offered to contradict the facts established in the former suit.

The evidence of the plaintiff tended to show that he received injury of the character stated in his petition. He testified that the obstruction remained in the street about six weeks, during which time he was, by reason thereof, deprived of the use of his roadway and stone-quarry, that at the time the obstruction was placed in the street and defendant was notified to remove it, he was engaged in supplying stone from his quarry under a contract which he had entered into with the city, and under contract he then had for furnishing stone and mason-work for other parties. It appears, we think conclusively, from plaintiff's evidence, that the plaintiff was interfered with in the performance of the work which he had contracted to do, and had been deprived of ingress to and egress from his stone-quarry, where it was shown the stone was, used by him in his mason-work and in fulfillment of his contracts. All of this was undoubtedly competent evidence, to show first that the obstruction complained of worked a special injury to plaintiff, one peculiar to him and not affecting the general public. It devolved upon plaintiff to show this in some manner as a condition precedent to his right of recovery in this form of action (*Railroad v. Eberle*, 110 Ind. 542; *Beaudean v. The City of Cape Girardeau*, 71 Mo. 392); also to show the nature and extent of such injuries that his damages therefor might be measured and adjudged. It is difficult to see how

plaintiff could show what damages he had sustained other than in the manner testified to by him. We see no valid objection to the testimony of plaintiff introduced upon this point, nor to the instructions given and refused by the court. The instructions given fairly presented the issue presented by the pleadings and the evidence to the jury.

The third instruction asked by defendant was properly refused, as it was in conflict with the law governing the case as hereinbefore discussed. The fourth instruction refused is also in conflict with the law as declared by the supreme court of this state. *Beaudean v. City of Cape Girardeau, supra.* Instructions five and six, asked by defendant, were properly refused for the reason that neither covered elements of damages which were shown by the evidence, such as loss of time, extra expense incurred in the legitimate prosecution of plaintiff's work, etc.

The second instruction asked by defendant and given by the court was certainly more favorable to the defendant than the law applicable to this case would warrant, as it ignored the very *special* and *peculiar* injury of which plaintiff complained, and rested the duty of defendant at that degree it owed to the public, instead of carrying that duty to the point where it would protect the right of plaintiff appendant and legally adhering to his strip of land, *i. e.*, to means of ingress to and egress from his lot.

The defendant, however, is not in condition to complain of this. The judgment, in our opinion, is for the right party, and, with the concurrence of the other judges, it is affirmed.