ALFRED T. SMITH, Appellant, v. THE CITY OF ST. JOSEPH AND PATRICK MORLEY, Respondents.

Kansas City Court of Appeals, December 1, 1890.

1. **Municipal Corporations:** NOTICE OF DEFECTS IN STREETS. If the defect in a street be occasioned by accident, or by the wrongful and unauthorized act of a third person, the liability does not begin until it has notice of the defect or until it has existed for such a length of time that ignorance of its existence is inexcusable; but, when streets have been rendered unsafe by the direct authority of the city, then it is liable for injuries thus produced to those using due care.

2. **Instructions:** EVIDENCE. Instructions set out in the opinion are condemned as inapplicable to the facts the evidence tended to establish, and as misleading.

3. **Evidence:** REBUTTAL OF IMMATERIAL EVIDENCE. Where the *gravamen* of plaintiff's action is negligence in making the back fill above a sewer, evidence of the construction of the sewer is immaterial, and the proffer to rebut such evidence is properly rejected.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Spencer & Culver*, for appellant.

(1) The city of St. Joseph, having full power and control over its streets, was bound to keep them in a reasonably safe condition for persons traveling thereon, nor can this duty be evaded, suspended or cast upon others, by any act of its own. *Kiley v. City of Kansas*, 87 Mo. 103; *Russell v. Town of Columbia*, 74 Mo. 480; *Welsh v. City of St. Louis*, 73 Mo. 71; *Norton v. City of St. Louis*, 97 Mo. 537. (2) When the defect in a street is the result of the act of the corporation itself, or of others acting under its authority, notice is not required, but will be implied. *Russell v. Town of Columbia*, 74 Mo. 480. (3) It is error to instruct the jury upon a hypothesis not warranted by the evidence. *Bank v. Overall*, 16 Mo. App. 510; *Skyles v. Bollman*, 85 Mo. 35. (4) Plaintiff, having made out a *prima facie* case, ought to have been allowed to introduce evidence in rebuttal showing that the sewer was imperfectly and negligently constructed. *Lemon v. Chanslor*, 68 Mo. 340; Thompson on Trials, sec. 345; *Bedell v. Carll*, 33 N. Y. 581.

*M. A. Reed* and *B. R. Vineyard*, for respondents.

(1) A municipal corporation is not an insurer against accidents on its streets. To hold a city liable

for a defect in its streets, the defect must have been known, or by the exercise of reasonable care ought to have been known by its proper officers. *Schweickhardt v. City of St. Louis*, 2 Mo. App. 571; *Craig v. City of Sedalia*, 63 Mo. 417; *Bonine v. City of Richmond*, 75 Mo. 437. (2) There is not a particle of testimony tending to show that the street under which defendant Morley constructed the sewer was left by him in an unsafe condition. All the evidence, without any contradiction, shows that the sewer was back-filled in a skilful manner, and the streets left in a splendid and safe condition. Hence, notice of the existence of any subsequently occurring defect was necessary, in order to make defendants, or either of them, liable. Authorities, *supra*, and 2 Dillon on Mun. Corp. [4 Ed.] sec. 1025, and cases cited. (3) The instructions given by the court were proper expositions of the law, and fairly submitted the case to the jury under the facts shown in evidence. (4) In fact, if the court committed any error, it consisted in its failure to take the case from the jury, for the reason that no negligence whatever on the part of the defendants, or either of them, was shown.

SMITH, P. J.—This suit was brought to recover two hundred dollars damages for injury to the plaintiff's horse, which was caused by said horse stepping in a hole from eight to twelve inches deep, at the corner of Fourth and Patee streets, one of the principal thoroughfares of the city of St. Joseph, Missouri. The plaintiff's servant was driving his team of horses attached to a sleigh along said street on the twenty-sixth day of December, 1888, and turned his horses out of the beaten track at the place above mentioned to pass another team; the snow was about a foot deep on the ground and no trace of any defect in the street was visible, when one of the horses stepped into this hole, crippling the horse and making him unfit for use for three months, and from which he was permanently injured.

The answer was a general denial accompanied by the defense of contributory negligence. At the trial it was admitted that the city had passed an ordinance for the building of a sewer up Patee street, and the contract therefor was let to the defendant Morley, who had constructed it under his contract. We transcribe from the abstract, which is conceded by the defendants to be correct, all the evidence introduced in the case.

The plaintiff, to maintain the issues on his part, introduced evidence as follows:

William Lowrie: "I was driving Mr. Smith's team up Fourth street at the time of the accident; it was in the afternoon, and I was driving in an ordinary trot. I met a truck and team, and turned out to the right for it, the snow being over the ground and there being no indications of a hole. As I went to go past, the horse broke through, and when he came out his leg was skinned clear to the bone, and cut down here four or five inches. Accident occurred on Fourth and Patee streets, at intersection, on the twenty-sixth day of December, in the afternoon; snow was about a foot deep; is one of the principal streets of the city. There was no guards around the hole horse stepped into. The weather was moderate. It had not thawed so water would run in the streets."

Newton Andrews (engaged in coffee and spice business at corner of Fourth and Patee streets saw the accident): "Were going at a moderate gait; examined the hole immediately after the accident; was five to eight inches in diameter, and more than six or eight inches deep. The surface showed there had been filling there; it was not quite even with the rest of the street. The weather was not cold, but it was not thawing sufficiently to notice; saw the sewer filled at that place with slush and mud. A short time after the accident a barrel was placed over the hole. The hole was where the sewer was being built, at the edge of where the

excavation had been made, and near where the asphalt had been left down on Fourth street.''

Dr. Meyer (veterinary surgeon): "Treated the horse for Mr. Smith; was under my treatment for nearly three months; treated him every day; my bill was fifty-one dollars.''

Don Riley testified: " Horse was worth from one hundred and seventy-five to two hundred dollars before the injury; worth very little after the injury.''

The defendants then introduced several witnesses who testified that sewer was properly constructed. Defendant Morley testified that sewer had not been completed at the time of the accident; that, under the contract, the asphaltum was to be replaced, which had not been done. Defendant also introduced in evidence the city assessment list showing assessed value of the horse. Plaintiff excepted at the time. At the close of defendants' testimony, plaintiff attempted to show in rebuttal that sewer was improperly constructed, as shown in bill of exceptions on page 86, which was ojected to and objection sustained by the court, to which ruling plaintiff excepted at the time. The court gave, at the instance of the plaintiff, a number of instructions, and refused these:

"2. If the jury believe, from the evidence, that Patrick Morley was authorized by the city of St. Joseph to construct the sewer mentioned in plaintiff's petition, and that the hole complained of was the result of the negligent act of said Patrick Morely in leaving said hole, or so filling up said sewer, as to cause said hole in said sewer, then the city of St. Joseph is liable for the injury complained of without any actual notice of said hole.''

"4. The jury are instructed that, as to the city's liability in determining whether the street in question was in reasonably safe condition for travel, they will take into consideration the fact that a hole existed in the street of the size shown in evidence, the amount of

travel on said street by the public, and the further fact that said city of St. Joseph, or its servant and agent, Patrick Morley, immediately after the injury, repaired said defect.

"5. If the jury believe, from the evidence, that Patrick Morley was constructing the sewer mentioned in plaintiff's petition, under the authority of the city of St. Joseph, at the time the accident complained of in plaintiff's petition took place, then the jury are instructed that it was the duty of the city to see that its streets, over which the public traveled, were kept in a reasonably safe condition during the time said Morley was building said sewer."

The court gave for the defendant these:

"1. If the jury believe from the evidence that defendant Morley, under the contract read in evidence, constructed the sewer mentioned in the petition, and filled back the earth over the same with reasonable care and skill, and the earth under the surface of the ground, where said filling had been made, afterwards became hollow or soft by reason of the melting from the snow running by some hidden way under said surface, they will find for the defendants, unless they further believe that said Morley, or said city, knew, or, by the exercise of reasonable care, ought to have known, of the formation of said soft or hollow place.

"2. If the jury believe from the evidence that, under the contract read in evidence, the defendant Morley constructed the sewer therein provided to be built along Patee street and across Fourth street, and that, in constructing said sewer and filling back the earth over the same, he used the skill and care of a reasonably prudent man, the defendants cannot be held liable in this case for, or on account of, any imperfection in said work afterward coming into existence, unless he discovered such imperfection, or, by the exercise of reasonable care, ought to have discovered the same in time to avoid the accident complained of in plaintiff's petition."

The jury found for the defendants, and, accordingly, judgment was rendered, from which plaintiff appeals.

I.  The plaintiff contends that the uncontradicted evidence in the case tends to show that the defect in the street complained of was the result of the act of the city itself, or, which was the same thing, of that of the other defendant acting under its authority ; therefore, notice of such defect was not required, or was implied.  There is a clear distinction between cases in which notice of the defect is required and those in which it is not.  If the defect in a street be occasioned by accident, or by the wrongful and unauthorized act of a third person, the liability of the city does not begin until it has notice of the defect, or until it has existed for such a length of time that ignorance of its existence is inexcusable.  But where streets have been rendered unsafe by the direct act or authority of the city, then it is liable for injuries thus produced, when persons suffering them are without contributory fault or were using due care.  In the latter case, notice to the city of the defect which caused the injury is not required, or, if so, it may be reasonably inferred.  If a street has been rendered unsafe or insecure by the act of its own contractors in making a public improvement, it must be held to have knowledge of the resulting consequences.  Certainly, no notice in such case, other than that which is implied, would be necessary.  *Russell v. Columbia*, 74 Mo. 480 ; *Taubman v. Lexington*, 25 Mo. App. 218 ; 2 Dillon on Corp., sec. 1024 ; *Stephens v. Macon City*, 83 Mo. 345 ; *Bassett v. St. Joseph*, 53 Mo. 298.

The meager evidence presented by the record before us tends to show that if there was a defect in the street, which caused the injury to plaintiff's animal, that the same was occasioned by the construction of the sewer by the city.  There is nothing in the evidence that in the least tends to show that the defect was occasioned by accident or by the wrongful and unauthorized act of

a third person. It follows that the second instruction which the court refused for the plaintiff, in respect to notice, should have been given.

II. The first instructions given for the defendants proceed upon a hypothesis not warranted by the evidence. There is no evidence that the earth was filled back over the sewer in any manner whatever. There is evidence that the sewer was properly constructed, but no evidence as to the "back fall," except that of the contractor, which was to the effect that the sewer had not been completed at the time the injury occurred, and that the asphalt over the sewer had not been replaced as required by the contract. Nor is there a syllable of evidence remotely tending to show that the surface of the ground above the sewer had become hollow, or soft, by reason of the melting snow running in some hidden way under it, nor is there any evidence from which these facts can be deduced by fair inference. The evidence does not show that the construction of the sewer and the fill above it had not been completed at the time of the occurrence of the injury; but on the contrary it shows that such was not the case. The theory of this instruction for the defendants was wholly inapplicable to the facts the evidence tended to establish, and was clearly misleading and ought not to have been given.

The defendants' second instruction was entirely out of place in the case. The evidence tended to show that the sewer was properly constructed as has been already remarked; but there was no evidence to support the assumption of the instruction, that the contractor had filled back the earth over the sewer in a skilful manner. The uncontradicted evidence was that the sewer had not been filled up quite even with the surface of the street. This instruction is based upon the erroneous idea that the sewer, and the fill of earth over it, had been completed before the occurrence of the injury. If the work was progressing, or was in a state of

incompletion at the time of injury, which the evidence conduces to show was the fact, then certainly the instruction was wrong in its enunciation.

Under the issues made by the pleadings and the evidence adduced in support thereof, the notice of the defect in the street which occasioned the injury, was implied, so that nothing further in that direction was required of the plaintiff to establish his *prima facie* right of recovery. It seems to us from the evidence that the city neglected the duty enjoined upon it by law to keep its streets free from obstruction, and reasonably safe for travel in the usual modes, or, at least, there was sufficient to make out such a case as entitled plaintiff to go to the jury on proper instructions.

No error is perceived in the action of the court in rejecting the plaintiff's offer of evidence in rebuttal. The *gravamen* of the plaintiff's action was the negligence of the defendants in making the back fill above the sewer. There is no complaint of a defect in the sewer itself. It may well be, that sewer was skilfully and properly enough constructed, and yet proof of that fact would not tend to disprove the existence of the plaintiff's alleged cause of action. The sewer may have been perfect, and the back fill imperfect. Evidence that the sewer was of excellent construction was for these reasons immaterial to the issues. So the proffer to rebut such evidence was properly rejected. No doubt that the court would not have admitted the defendants' evidence in respect to the construction of the sewer had plaintiff made an objection to it.

The judgment of the circuit court will be reversed, and cause remanded. All concur.