N. W. JARBOE, Respondent, v. CITY OF CARROLLTON, Appellant.

**Kansas City Court of Appeals, January 24, 1898.**

1. **Municipal Corporations:** CHANGE OF GRADE: FRANCHISE TO STREET RAILWAY: NOTICE. Where a city authorizes a street railway company to construct its track along the streets, and in so doing it changes the grade of a street to the damage of an abutting property owner, the city will be liable and is not entitled to notice of the condition of the street.

2. ————: DAMAGE TO PROPERTY BY CHANGE OF STREET GRADE: TAXES: SET-OFF. In an action against a city for damage to property by changing the grade of a street, the city can not set off taxes where the property has never been assessed and the taxes are therefore unliquidated.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*J. W. Sebree* and *Jas. McPhetridge* for appellant.

(1) This court has held that a city is not legally obliged to supply, repair or maintain a passway to property abutting on a street. *Calhoun v. Milan,* 64

Mo. App. 398. It seems to us that this principle of law applies to this case. It will be observed that this is not a suit predicated upon article 2, section 21 of constitution of 1875, under which a suit for damages against a city may be maintained under certain circumstances without negligence. *Hickman v. Kansas City*, 120 Mo. 110. (2) We have been unable to find a case of common law action of this sort for damages by an abutting property owner, wherein the suit was maintained against the city granting the franchise. Such actions are maintainable alone against the party actually and directly doing the injury. 22 Am. and Eng. Ency. of Law, sec. 4, p. 954, and notes; *Sheehy v. R. R.*, 94 Mo. 574; 15 Am. and Eng. Ency. of Law, pp. 1152, 1153, and notes and cases cited; *Broadwell v. City of Kansas*, 75 Mo. 216; 12 Mo. App. 175; 84 Mo. 531. (3) The grant of a franchise by defendant city to the Carrollton Street Railroad to build its road along South Folger street, was simply the exercise of a political function, not for its own pecuniary benefit, but for the public good, and defendant is not liable directly nor indirectly for the acts negligent or otherwise of said railway company. *Whitfield v. Carrollton*, 50 Mo. App. 98; *Heller v. Mayor*, 53 Mo. 159; 61 Mo. 55; R. S. 1889, secs. 1824, 1825, pp. 495, 496; 15 Am. and Eng. Ency. of Law, sec. 17, p. 1165, and notes; *Brown v. Cape*, 90 Mo. 377; *Mitchell v. Clinton*, 99 Mo. 153; *Wormly v. Columbia*, 88 Mo. 106. (4) In fact there is no evidence in this record that the street railway ever established any grade on said street. The city can only grade a street by ordinance. Sess. Acts 1871, sec. 12, p. 149 and 150; *Stewart v. Clinton*, 79 Mo. 610, and cases cited; 66 Mo. 282; 75 Mo. 134; *Eichenlaub v. City*, 113 Mo. 395. See sec. 12, Charter; Acts of 1871, sec. 12, p. 149; R. S. 1889, sec. 1589; *Vaile v. Independence*, 116 Mo. 333. (5) In such case

the street railway was a mere trespasser for whose acts defendant city is not liable directly or indirectly. *Rowland v. Gallatin*, 75 Mo. 134, and cases cited; *Swanson v. Lexington*, 69 Mo. 157; *Tillman v. R. R.*, 121 N. Y. 119; *Uline v. R. R.*, 101 N. Y. 98; *Hickman v. Kansas City, supra; Gans & Sons v. R'y*, 113 Mo. 317; *Moore v. City*, 103 Mo. 475; *Thompson v. City of Boonville*, 61 Mo. 282, 283; *Hunt v. City of Boonville*, 65 Mo. 620; 79 Mo. 603; *Smith v. Kansas City*, 128 Mo. 23; *Kansas City v. Dorton*, 117 Mo. 446; *Wyeth v. Kansas City*, 22 Mo. App. 409.

*Lozier & Morris* and *Conkling &. Kneisley* for respondent.

(1) For permitting or maintaining obstructions in public streets, municipal corporations are liable in damages to abutting property owners who thereby sustain injuries not common to the public. *Beaudean v. Cape Girardeau*, 71 Mo. 392; *Rude v. St. Louis*, 93 Mo. 408; *Schopp v. St. Louis*, 117 Mo. 131; *Piper v. Boonville*, 32 Mo. App. 138; *Martin v. R'y*, 47 Mo. App. 452; *Stephenson v. R'y*, 68 Mo. App. 642; *Rigney v. Chicago*, 102 Ill. 80; 1 Harris, Dam. by Corp., sec. 138; 2 Dillon on Municipal Corp. [3 Ed.], sec. 730. (2) For establishing, altering or changing the grade of streets, or for authorizing the same by ordinance, municipal corporations are liable in damages for all resulting injuries to the abutting property. To deny this liability is to annul the constitution and repudiate the Missouri decisions thereunder. *Werth v. Springfield*, 78 Mo. 107; *Householder v. Kansas City*, 83 Mo. 488: *Sheehy v. R'y*, 94 Mo. 574; *Van De Vere, v. Kansas City*, 107 Mo. 83; *Davis v. R'y*, 119 Mo. 180; *Hickman v. Kansas City*, 120 Mo. 110; *Martin v. R'y*, 47 Mo. App. 452; *Carson v. Springfield*, 53 Mo. App. 289; Const. 1875, art. 2, sec. 21.

ELLISON, J.—Plaintiff was the owner of residence property within the limits of defendant city described as lots 1, 8 and 4. Lots 1 and 8 fronted on Main street and were several feet above the grade of that street. Lot 4 fronted on Folger street, the grade of the latter street being such as to allow free access to plaintiff's property over lot 4. The defendant city authorized a certain street railway company to construct and maintain its track along Folger street, and in doing so the company lowered the grade of the street between ten and twelve feet, leaving embankments of that height, thus cutting off all means of going on or off of plaintiff's property. The defendant city permitted the change in grade to be made and allowed it to remain. The evidence showed that plaintiff's property was injured and that the injury was special and not common with other property. The verdict was for plaintiff in the sum of $600. Of this sum $200 was remitted and judgment for $400 entered. Defendant appeals.

STATEMENT.

There can be no doubt of plaintiff's right to recover under the established rule in this state. *Beaudean v. Cape Girardeau*, 71 Mo. 392; *Rude v. St. Louis*, 93 Mo. 408; *Schopp v. St. Louis*, 117 Mo. 131. The rule has been stated by us in several cases. *Martin v. R'y*, 47 Mo. App. 452; *Stephenson v. R'y*, 68 Mo. App. 642. The city having authorized the change, or obstruction in the street, resulting in the injury, is not entitled to notice of its condition. *Taubman v. Lexington*, 25 Mo. App. 218; *Golden v. Clinton*, 54 Mo. App. 100; *Smith v. St. Joseph*, 42 Mo. App. 392.

MUNICIPAL corporations: change of grade: franchise to street railway: notice.

2. It appears that plaintiff was the owner of a mill in the limits of defendant city and that the latter, for some reason satisfactory to itself, had conferred

upon the mill property an exemption from city taxation for a period of five years.

This exemption, defendant says, was illegal, and it sought to have what plaintiff should have paid as city taxes, set off against his claim. Among other reasons why this can not be allowed is ——: damage to property by change of street grade: taxes: set-off. that there was never any assessed valuation of the property. The amount due is unliquidated. If there is any claim in the defendant's favor, it should be enforced by proper procedure against the property itself.

The judgment was for the right party and should be affirmed. All concur.